KULVINDER SINGH,

     Petitioner,

 v.                Case No. 26-cv-1249-bhl

DALE J. SCHMIDT, et al.,

     Respondents.

---

## RULE 4 SCREENING ORDER

---

 Kulvinder Singh, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.  Under Rule 4 of the Rules Governing §2254 Cases, which can also apply to §2241 petitions, *see* Rule 1(b), Rules Governing §2254 Cases; Civil Local Rule 9(a)(2), the Court will review and screen the petition.  As part of the screening process, the Court will dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing §2254 Cases.

## BACKGROUND

 According to the petition, Singh is a citizen of India who entered the United States without inspection on October 10, 2023, was briefly detained at the border, and then released with a Notice to Appear.  (ECF No. 1 ¶¶2 16, 22.)  Singh alleges that on the Notice to appear he is charged as an alien who arrived in the United States at any time or place other than as designated by the Attorney General, 8 U.S.C. 1182(a)(6)(A)(i).  (*Id.* ¶2.)  Singh further alleges that upon service of the Notice to Appear, he was served with an Order of Own Recognizance.  (*Id.*)  Singh was eventually scheduled for hearings before the Executive Office for Immigration Review's (EOIR) Chicago Immigration Court and applied defensively for asylum.  (*Id.* ¶3.)  He was detained by ICE on June 28, 2026, and is currently in immigration custody at the Dodge County Jail in Juneau, Wisconsin.  (*Id.* ¶¶1, 4.)  Singh is scheduled for a hearing on August 10, 2026.  (*Id.* ¶4.)

 Pursuant to ICE's recently changed interpretation of the Immigration and Naturalization Act, Singh is considered to be an "applicant to admission" under 8 U.S.C. §1225(b)(A) and

therefore subject to mandatory detention. (*Id.* ¶5.) Singh contends that the mandatory detention provision of §1225(b)(2)(A) does not apply to an individual like him, who entered the United States "over three [sic] years ago." (*Id.* ¶6.) He also contends that he is eligible for asylum because he has a well-founded fear of political persecution and has filed a defensive asylum application with the immigration court. (*Id.* ¶25.) Singh seeks a writ of habeas corpus requiring Respondents to release him or provide him with a bond hearing pursuant to 8 U.S.C. §1226(a) within 7 days. (*Id.* at 21–22.)

## ANALYSIS

A habeas petition under 28 U.S.C. §2241 allows persons in custody to challenge the fact or duration of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The Supreme Court has recognized Section 2241 as a forum for statutory challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The petition asserts two grounds for relief. First, Singh argues that the mandatory detention provision at 8 U.S.C. §1225(b)(2) applies only to recently arrived noncitizens seeking admission at a border or port of entry, not individuals who entered without inspection and were later detained inside the country. (ECF No. 1 ¶62.) Singh therefore contends that the application of §1225(b)(2) to him unlawfully mandates his continued detention and violates the Immigration and Nationality Act. (*Id.* ¶¶62–66.) Second, Singh argues that his continued detention without a bond determination hearing violates his right to due process. (*Id.* at ¶¶67–75.)

Based on his petition, the Court cannot conclude that Singh is plainly not entitled to relief. Under 28 U.S.C. §2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

Accordingly, the Court will order Respondents to respond to the petition within three days of service. For good cause, the Court may grant Respondents a *short* extension if requested and properly supported.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon Respondent Dale Schmidt, Sheriff of the Dodge County Jail, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon Samuel Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Respondents shall respond to the petition within three days from service of this Order.

Dated at Milwaukee, Wisconsin on July 27, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge