UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KULVINDER SINGH,

Petitioner,

v. Case No. 26-cv-1249-bhl

SHERIFF DALE J SCHMIDT, et al,

Respondents.

---

**ORDER**

---

Kulvinder Singh, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (ECF No. 1.) The petition asserts two grounds for relief. First, Singh argues that the mandatory detention provision at 8 U.S.C. §1225(b)(2) applies only to recently arrived noncitizens seeking admission at a border or port of entry, not individuals who entered without inspection and were later detained inside the country. (*Id.* ¶62.) Singh therefore contends that the application of Section 1225(b)(2) to him unlawfully mandates his continued detention and violates the Immigration and Nationality Act. (*Id.* ¶¶62–66.) Second, Singh argues that his continued detention without a bond determination hearing violates his right to due process. (*Id.* ¶¶67–75.) On July 27, 2026, the Court ordered the respondents to respond, (ECF No. 4), and on July 29, 2026, the government filed an opposition to the petition for writ of habeas corpus, (ECF No. 7.).

The day after the government's response, the United States Court of Appeals for the Seventh Circuit issued a decision in *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), resolving the statutory issue presented by this case and specifically determining that a petitioner like Singh is an "applicant for admission" who is not "seeking admission" to the United States. *Id.* at 920. Singh's detention, therefore, falls under 8 U.S.C. §1226, not 8 U.S.C. §1225(b)(2)(A), and he may seek a bond hearing in immigration court. *See id.* at 931. Based on the current record, he does not appear to have done so.

In his petition, Singh argued, and the government did not contest, that he was excused from having to request bond in the immigration court because doing so would have been futile given that the immigration court was bound by a Board of Immigration Appeals decision holding that immigration judges lacked authority to hear bond requests under the circumstances presented here. (ECF No. 9 at 2.) In light of the Seventh Circuit's decision in *Cirrus Rojas*, however, Singh is now potentially eligible for bond because his detention is governed by Section 1226. *Cirrus Rojas*, 183 F.4th at 931. Nothing in the Court of Appeals' decision suggests that the immigration court's procedures concerning a detainee's request for bond were themselves improper or unenforceable. *Id.* at 917. Accordingly, Singh must make use of the immigration court's regulations allowing him to request a bond hearing, *see* 8 C.F.R. §1003.19(b), and exhaust his administrative remedies. *Kithongo v. Garland*, 33 F.4th 451, 458 (7th Cir. 2022) ("To exhaust an argument and thus avoid waiver, it must be 'actually argued' in the administrative proceedings." (quoting *Duarte-Salagosa v. Holder*, 775 F.3d 841, 846 (7th Cir. 2014)). The Court therefore will direct Singh to move for a bond hearing in immigration court and exhaust his administrative remedies. Pending his completion of those proceedings, which may very well resolve his current concerns, the Court will dismiss Singh's petition without prejudice.

Accordingly,

**IT IS HEREBY ORDERD** that Petitioner Kulvinder Singh is directed to exhaust his administrative remedies by requesting a bond hearing pursuant to 8 C.F.R. §1003.19(b).

**IT IS FURTHER ORDERED** that Petitioner's petition is **dismissed without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 8, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge